IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DANIEL DAVID DELGADO,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DETERMINE COMPETENCY**<br><br>Case No. 2:23-cr-00117-JNP<br><br>Chief District Judge Jill N. Parrish |

On January 21, 2026, Defendant Daniel David Delgado moved for the court to stay proceedings, to order a psychiatric evaluation for Mr. Delgado pursuant to 18 U.S.C. § 4241(b), and to hold a hearing pursuant to 18 U.S.C. § 4247(d) to determine whether Mr. Delgado is competent to proceed in this matter. ECF No. 49. For the following reasons, the court grants the motion.

## BACKGROUND

Mr. Delgado first appeared before this court on April 6, 2023, for the initial appearance on the Indictment returned in this matter. ECF No. 48. Mr. Delgado has moved to continue trial pursuant to 18 U.S.C. § 3161(h)(7) numerous times. *Id.* His latest motion to continue had his trial beginning January 26, 2026. *Id.*

On January 21, Mr. Delgado moved for a competency evaluation. ECF No. 49. The motion alleges that Mr. Delgado has suffered a stroke while in custody, verified by jail and medical records, leaving Mr. Delgado partially paralyzed on his right side. *Id.* The motion asserts that "[h]is speech and thought processes are clearly impaired," that he "has no memory of any of the facts

alleged in this matter and is unable to relate to counsel any pertinent information about the case," and that he appears "to be suffering from a mental defect as the result of his stroke that [has] left him unable" to assist in his defense. *Id.*

The government has not filed a response in opposition to the motion.

## LEGAL STANDARD

The constitutional standard governing competence to stand trial was established in *Dusky v. United States*, 362 U.S. 402, 402 (1906) (per curiam). Specifically, the standard includes "both (1) 'whether' the defendant has 'a rational as well as factual understanding of the proceedings against him' and (2) whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.'" *United States v. Cornejo-Sandoval*, 564 F.3d 1225, 1232 (10th Cir. 2009) (quoting *Indiana v. Edwards*, 554 U.S. 164, 170 (2008)). Mental competency determinations are not static, and "a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975).

Section 4241(a) states that "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. 4241(a). Section 4241(b) follows: "Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or

2

psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."
18 U.S.C. 4241(b).

## ANALYSIS

Pursuant to § 4241, the Tenth Circuit has laid out a three-step process for determining if a defendant is competent to stand trial. As stated in *Boigegrain*,

> First, if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent," the court may order a psychiatric or psychological examination of the defendant. 18 U.S.C. § 4241(a). At the second stage, the court uses the psychological report and conducts a hearing to determine whether the defendant is competent. If the defendant is not found to be competent, the court must order the defendant hospitalized for up to four months to determine whether the defendant will become competent in the foreseeable future. The court may order additional hospitalization if it finds there is a substantial probability that within the additional time, the defendant will become competent. *See id.* § 4241(d). At the third stage, after the specified period of confinement has expired, the court determines whether the defendant is competent and thus ready to stand trial. If still found not to be competent, the defendant must be released unless the court finds that he presents a substantial risk of harm to others.

155 F.3d 1181, 1184 n.1 (10th Cir. 1998) (citation modified).

With respect to the first of the three steps, a requested competency evaluation is required, "[a]bsent findings of an insufficient factual basis for a § 4241(a) motion, or a lack of good faith in making the motion." *United States v. Ramirez*, 304 F.3d 1033, 1035 (10th Cir. 2002) (citing *United States v. Hill*, 526 F.2d 1019, 1023 (10th Cir. 1975)). In other words, the evaluation is required unless the "reasonable cause" standard is not met. *See Ramirez*, 304 F.3d at 1035; *see, e.g.*, *United States v. Schmid*, No. 18CR00202CMAGPG02, 2020 WL 6318501, at *2 (D. Colo. Oct. 28, 2020).

There is no clear-cut test for reasonable cause determinations. There is guidance, however, on what information can be relevant and helpful in making such a determination. "In evaluating the need for a competency evaluation, the district court may rely on the defense counsel's

observations. Further, the decision whether to order a competency evaluation 'is a matter wholly within the sound discretion of the trial court,' and we give weight to the court's observations of the defendant's mental health status." *United States v. Pawelski*, 651 F. App'x 750, 762 (10th Cir. 2016) (unpublished) (citation modified). The court may also rely on medical opinion. *Boigegrain*, 155 F.3d at 1189. It may also consider evidence of and a history of irrational behavior. *Lay v. Royal*, 860 F.3d 1307, 1314 (10th Cir. 2017); *Drope*, 420 U.S. at 172 n.9. "[O]ne of these factors standing alone may, in some circumstances, be sufficient" to create reasonable cause. *Drope*, 420 U.S. at 180.

Here, the court finds there is reasonable cause for a psychiatric evaluation. It appears that Mr. Delgado has suffered a stroke that has potentially affected his ability to think, to communicate, and "to consult with his lawyer with a reasonable degree of rational understanding.'" *United States v. Cornejo-Sandoval*, 564 F.3d 1225, 1232 (10th Cir. 2009) (quoting *Indiana v. Edwards*, 554 U.S. 164, 170 (2008)).

**CONCLUSION AND ORDER**

IT IS THEREFORE ORDERED:

(1) Mr. Delgado must submit to a psychiatric evaluation that answers the question: Does Daniel David Delgado presently suffer from a mental disease or defect that renders him incompetent to proceed to stand trial?

(2) The court orders Defense counsel to arrange for such an evaluation of Mr. Delgado through a qualified evaluator, i.e., a licensed or certified psychiatrist. The court commits Mr. Delgado to the custody of the Attorney General for placement in a suitable facility "closest to the court," or at a location on which the parties agree in consultation with USMS. 18 U.S.C. § 4247(b).

(3) The evaluation must occur within 30 days of this order, with a 15-day extension available for good cause. *See* 18 U.S.C. § 4247(b). Defense counsel must notify the court when the evaluation has taken place.

(4) The qualified examiner must file a report with the court, with copies provided to both parties. 18 U.S.C. § 4247(c). This report must be filed with the court within 45 days of the evaluation.

(5) The report should include all required elements outlined in § 4247(c). Further, the examiner may consider a variety factors if the examiner deems them relevant to evaluate a person's competency to stand trial in a federal court criminal proceeding and jury trial. However, the examiner must identify the considered factors explicitly and describe the role that such factors played in the examiner's conclusion.

The court further **STAYS** these proceedings pending a final determination of competency. It finds that the period of delay resulting from Mr. Delgado's evaluation and any future competency hearing or related proceedings is excluded time under the Speedy Trial Act, beginning on January 21, 2026 and ending on June 23, 2026. *See* 18 U.S.C. § 3161(h)(1)(A) ("The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence: (1) Any period of delay resulting from other proceedings concerning the defendant, including . . . (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant.").

Signed February 4, 2026.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge